David S. Cottnair, WSBA #28206
Preg O'Donnell & Gillett PLLC
901 Fifth Avenue, Suite 3400
Seattle, Washington 98164
Phone: (206) 287-1775
Fax: (206 287-9113
Firm Email: Dcottnair@pregodonnell.com
Attorneys for Defendants Majestic Farm, LLC
Nicholas Struikmans, and Janie Struikmans

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| COMMUNITY ASSOCIATION FOR RESTORATION OF THE ENVIRONMENT, INC., a Washington non-profit corporation; FRIENDS OF TOPPENISH CREEK, a Washington non-profit corporation; et al.,<br><br>                    Plaintiffs,<br><br>      v.<br><br>MAJESTIC FARM, LLC, a Washington limited liability company; NICHOLAS STRUIKMANS, an individual; and JANIE STRUIKMANS, et al.,<br><br>                    Defendants. | NO.  1:20-cv-03046-TOR<br><br>STIPULATED PROTECTIVE ORDER<br><br>**Honorable Thomas O. Rice** |

STIPULATED PROTECTIVE ORDER - 1
10239-0284  Stipulated Protective Order.docx
Case No.  1:20-cv-03046-TOR

BEFORE THE COURT is the parties' Stipulated Protective Order.  Pursuant to Federal Rule of Civil Procedure 26, and it appearing to the Defendants that discovery in the above-captioned matter will involve the disclosure of confidential information, it is hereby stipulated by and between the Parties through their respective counsel and ordered that the following Protective Order be entered to give effect to the terms and conditions set forth below.

1.    <u>Introduction and Scope.</u>  This Protective Order shall govern any and all manner and means of discovery, including entry onto land or premises, and inspection of books, computer records, documents, electronic files, testimony, information and tangible things, furnished by any party or non-party, that the Designating Party designates as CONFIDENTIAL pursuant to Paragraph 4 because it contains any trade secret, personal or other confidential research, development, marketing, technical, business, or financial information that has not been made public, subject to protection under the Federal Rules of Civil Procedure. This designation shall apply regardless of the form in which the discovery material is kept or maintained and extends to any testimony or documents, including without limitation exhibits, copies, notes, abstracts, summaries, or analyses that reflect discovery material.

STIPULATED PROTECTIVE ORDER - 2
10239-0284  Stipulated Protective Order.docx
Case No.  1:20-cv-03046-TOR

**PREG O'DONNELL & GILLETT** PLLC
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON  98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

2.    <u>Limitation of Protective Order.</u>  This Protective Order is not intended to address discovery objections to produce, answer, or respond on the grounds of attorney-client privilege or work product immunity nor to preclude either party from seeking further relief or protective orders from the Court as may be appropriate under the Federal Rules of Civil Procedure.

3.    <u>Confidentiality of Certain Documents or Information.</u>  A party or nonparty that produces information may claim confidential treatment for documents and information (and any portions or summaries thereof) that the party or nonparty reasonably believes constitutes or contains material that is particularly sensitive in nature, including but not limited to trade secrets, processes, operations, research, technical or development information or apparatus, production, financial, marketing, sales, shipments, or other information considered by the designating party to be commercially or personally sensitive, confidential, and/or proprietary to the person or the individual facility.

4.    <u>"CONFIDENTIAL" Designation.</u>  Any party or nonparty that produces information in response to a discovery demand may identify confidential documents or information by designating such documents or information as

STIPULATED PROTECTIVE ORDER - 3
10239-0284  Stipulated Protective Order.docx
 Case No.  1:20-cv-03046-TOR

**PREG O'DONNELL & GILLETT** PLLC
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON  98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

"CONFIDENTIAL."   Such party or nonparty shall be referred to as the "designating party."

5.     <u>Confidentiality of Party's Own Documents.</u>  This Protective Order has no effect upon, and shall not apply to, a party's use or disclosure of its own "CONFIDENTIAL" information for any purpose, insofar as such confidentiality is reasonably maintained.  Such disclosure shall not waive the protection of this Protective Order and shall not entitle other parties or their attorneys to disclose such information in violation of it.

6.     <u>Prior or Public Knowledge.</u>  Nothing contained herein shall impose any restrictions on the use or disclosure by a party of documents or information designated "CONFIDENTIAL" that was obtained lawfully by such party independently of any proceedings in this action, or that:

a.     was already known to such party by lawful means prior to acquisition from, or disclosure by, the other party in this action;

b.     was already in the public realm;

c.     is or becomes publicly known through no fault or act of such party;

STIPULATED PROTECTIVE ORDER - 4
10239-0284  Stipulated Protective Order.docx
Case No.  1:20-cv-03046-TOR

**PREG O'DONNELL & GILLETT** PLLC
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON  98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

d.    is rightfully received by such party from a third party which has authority to provide such information without restriction as to disclosure; or

e.    is independently developed by the recipient of the information without use of or reference to the information.

7.    <u>Designation.</u>  The designation of information as "CONFIDENTIAL" for purposes of this Protective Order shall be made in the following manner by the party or nonparty seeking protection ("designating party"), and shall further be consistent with any applicable Local Rule of the United States District Court for the Eastern District of Washington:

a.    In the case of documents or discovery responses, by affixing the label "CONFIDENTIAL" at the time such documents are produced or served, or as soon thereafter as the party or nonparty seeking protection becomes aware of the confidential nature of the information disclosed and sought to be protected hereunder. If such documents were produced by a nonparty, any party seeking protection other than the producing nonparty must also provide written notice to all parties of the relevant document numbers or other reasonable identification of the relevant information within ten (10) calendar days of receiving the information;

**PREG O'DONNELL & GILLETT** PLLC
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON  98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

b.    In the case of depositions: (i) by a statement on the record, by counsel, during such deposition that the entire transcript or a portion thereof shall be designated as "CONFIDENTIAL" hereunder; or (ii) by written notice of such designation to counsel for all other parties and the court reporter within ten (10) calendar days following the receipt of the transcript of the deposition by the designating party.  During a deposition, the deponent or his counsel, or any other counsel of record, may invoke the provisions of this Protective Order in a timely manner, giving adequate oral warning to counsel for the party or nonparty that the testimony about to be given is deemed "CONFIDENTIAL" by the designating party. The designating party shall have the right to exclude any person not entitled under this Protective Order to receive the "CONFIDENTIAL" information from the deposition.  Unless designated as "CONFIDENTIAL," any confidentiality is waived after the expiration of the ten (10) day written notice period discussed above, under subpart (ii) of this paragraph.  The parties may modify this procedure for any particular deposition or proceeding through agreement on the record at such deposition or proceeding or otherwise by written stipulation, without further order of the Court.  If any information designated as "CONFIDENTIAL" is used during the course of a deposition, that portion of the deposition record reflecting such

STIPULATED PROTECTIVE ORDER - 6
10239-0284  Stipulated Protective Order.docx
Case No.  1:20-cv-03046-TOR

**PREG O'DONNELL & GILLETT** PLLC
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON  98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

"CONFIDENTIAL" information shall be so labeled, and access thereto shall be limited pursuant to the other terms of this Protective Order.  The time required to address questions of claimed confidentiality shall not be counted against the deposition time available to the non-designating party taking the deposition.  The court reporter shall account for the amount of time it takes to designate documents or testimony as confidential; and

       c.    In the case of hearing testimony or argument, a party may disclose "CONFIDENTIAL" information upon consent of the designating party or permission of the Court.  Should the designating party object to the disclosure of "CONFIDENTIAL" information, the designating party shall make the appropriate Motion to the Court pursuant to any applicable local rule.

       8.   <u>Access To "CONFIDENTIAL" Information.</u>  Information designated as "CONFIDENTIAL" shall be used solely in connection with and for purposes of this litigation between the parties. Information designated as "CONFIDENTIAL," or copies or extracts therefrom and compilations and summaries thereof, may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the persons identified in the subparagraphs below.  It is understood, however, that counsel for a party may give

**PREG O'DONNELL & GILLETT** PLLC
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON  98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

advice and opinions to his or her client based on his or her evaluation of information designated as "CONFIDENTIAL" produced by the opposing party provided that such rendering of advice and opinions shall not directly or indirectly reveal the content of such information except by prior agreement with opposing counsel.

a.    Parties' counsel of record in this action and other attorneys, paralegals, and other staff at such counsel's law firms.

b.    One (1) designated individual representative, separate from any counsel of record, from each named party in this action. If necessary to make decisions regarding this litigation, such designated individual representative may provide CONFIDENTIAL information to an executive decisional body of a named party, provided (1) the party provide five (5) days advance notice to the opposing party or parties; (2) members of the decisional body receive, sign, and agree to be bound by a copy of this Protective Order; (3) such provision of CONFIDENTIAL information is not more than reasonably necessary to make such decision. This subparagraph is not intended to preclude any counsel of record, including counsel of record who are members of the named parties, from receiving CONFIDENTIAL information pursuant to subparagraph a.

STIPULATED PROTECTIVE ORDER - 8
10239-0284  Stipulated Protective Order.docx
Case No.  1:20-cv-03046-TOR

**PREG O'DONNELL & GILLETT** PLLC
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON  98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

c.    Consultant experts as defined in Paragraph 10 herein and pursuant to the provisions regarding consultant experts herein;

d.    The Court pursuant to Paragraphs 16 and 17 herein;

e.    To any person designated by the Court in the interests of justice, upon such terms as the Court deems proper;

f.    Court reporters employed in connection with this action;

g.    Graphics or design services retained by counsel of record for a party for purposes of preparing demonstrative or other exhibits for deposition, trial or other court proceedings in this action, subject to and conditioned upon compliance with Paragraph 12 herein;

h.    Non-technical jury or trial consulting services retained by counsel of record for a party, database managers and the like, subject to and conditioned upon compliance with Paragraph 12 herein;

i.    Insurers of parties to this action; and

j.    To private mediators, arbitrators, and their staff to assist in the resolution of this matter conditioned upon compliance with Paragraph 12 herein.

9.    <u>Custody of Designated Materials.</u>    All "CONFIDENTIAL" information covered by this Stipulation and Protective Order shall be kept in secure

STIPULATED PROTECTIVE ORDER - 9
10239-0284  Stipulated Protective Order.docx
Case No.  1:20-cv-03046-TOR

**PREG O'DONNELL & GILLETT** PLLC
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON  98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

facilities at the offices of persons permitted to see such material and information as set forth in Paragraphs 8 of this Stipulation and Protective Order.

10.  <u>Consultant Expert Defined.</u>  For purposes of this Order, a consultant expert shall be defined as a person, and his or her secretarial or similar assistants to whom it is necessary to disclose "CONFIDENTIAL" information for the purposes of this litigation, who is neither an employee or member of a party nor anticipated to become an employee or member, and who is retained solely as a bona fide consultant expert for purposes of this litigation, whether full or part time, by or at the direction of counsel of record for a party. A consultant expert may be a testifying expert or a non-testifying expert.  Any consultant expert may be designated as an expert witness under the Federal Rules of Civil Procedure.

a.  <u>Procedure for Consultant Expert Access To Confidential Information.</u>  The party seeking to have a Consultant Expert, as defined in Paragraph 10 herein, access information designated as CONFIDENTIAL shall require such Consultant Expert to sign a copy of the declaration attached hereto as Exhibit A prior to such access.  On the date provided by rule and case schedule for disclosure of expert witnesses, the party who has disclosed information designated as CONFIDENTIAL to any Consultant Expert shall provide to counsel for all other

STIPULATED PROTECTIVE ORDER - 10
10239-0284  Stipulated Protective Order.docx
Case No.  1:20-cv-03046-TOR

**PREG O'DONNELL & GILLETT** PLLC
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON  98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

parties by electronic transmission or facsimile (1) a copy of all declarations completed and signed by Consultant Experts who are then designated as testifying experts.

11.    <u>Procedure For Access To Confidential Information By Individuals Associated with Named Parties.</u>  All persons listed in Paragraph 8(b) above may be given access to information designated as "CONFIDENTIAL," provided that they first confirm their understanding and agreement to abide by the terms of this Protective Order by completing and signing a copy of the declaration attached hereto as Exhibit A.  This declaration shall be served in a timely manner on the opposing party.

12.    <u>Procedure for Access To Confidential Information Other Than By Consultants.</u>  All persons listed in Paragraphs 8(e), 8(g), 8(h) and 8(i) above may be given access to information designated as "CONFIDENTIAL", provided that they first confirm their understanding and agreement to abide by the terms of this Protective Order by completing and signing a copy of the declaration attached hereto as Exhibit A.

13.    <u>Use by Witness Who Received Or Authored.</u>  Notwithstanding the Paragraphs above, any person may be examined as a witness at trial or during a

STIPULATED PROTECTIVE ORDER - 11
10239-0284  Stipulated Protective Order.docx
Case No.  1:20-cv-03046-TOR

**PREG O'DONNELL & GILLETT** PLLC
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON  98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

deposition concerning any information designated as "CONFIDENTIAL" which

that person had authored or been clearly identified as an addressee or copy recipient

prior to and apart from this action. If a document or testimony makes reference to

the actual or alleged statements or conduct of a deponent who is a potential witness

and revealing information designated as CONFIDENTIAL in a deposition is

necessary to understand such statements or conduct, counsel may reveal the

document or testimony designated as CONFIDENTIAL to the potential witness

during the deposition without waiving the CONFIDENTIAL designation. Before

such disclosure, the witness shall sign Exhibit A and agree to be bound by the terms

of this Order.

14.    <u>Challenge to Confidentiality Designation.</u>    If, within sixty (60)

calendar days from the date that a "CONFIDENTIAL" designation is made, a party

contends that the designating party has unreasonably or incorrectly designated

certain documents or information as "CONFIDENTIAL," the objecting party may

challenge the designation.  A challenge may be made by serving on counsel for all

parties a notice of objection, which shall identify with reasonable particularity the

items as to which the designation is challenged, state the basis for each challenge,

and propose a new designation for each item.  The challenge must specifically state

STIPULATED PROTECTIVE ORDER - 12
10239-0284  Stipulated Protective Order.docx
 Case No.  1:20-cv-03046-TOR

**PREG O'DONNELL & GILLETT** PLLC
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON  98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

that the designating party has ten (10) calendar days to respond to the challenge.  The challenged material shall continue to be deemed CONFIDENTIAL unless, within ten (10) calendar days after service of the notice of objection, the designating party fails to serve an opposing notice to maintain the original "CONFIDENTIAL" designation.  If the party challenging the designation remains dissatisfied, it may request relief from the Court, with confidential portions thereof to be kept under seal, requesting that specifically identified documents, information, and/or deposition testimony be excluded from the provisions of this Stipulation and Protective Order. In responding to such a Motion, the designating party shall have the burden of proving that the challenged documents or information are rightfully afforded protection as "CONFIDENTIAL."  Furthermore, this paragraph shall not preclude any party from challenging a confidentiality designation as part of a particular pretrial motion, pretrial document designation or at trial.

   15. <u>Filing Confidential Information.</u>  To the extent that a party or nonparty believes it necessary to submit "CONFIDENTIAL" information in a document to be filed with the Court, that party or nonparty shall comply with the requirements for filing material under seal in the United States District Court for the Eastern District of Washington, including the then-current Procedures for the Filing of

STIPULATED PROTECTIVE ORDER - 13
10239-0284  Stipulated Protective Order.docx
Case No.  1:20-cv-03046-TOR

**PREG O'DONNELL & GILLETT** PLLC
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON  98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

Sealed and Ex Parte Documents for Civil Cases.  If such information is attached to court filings, "compelling reasons" must be shown to seal records attached to a dispositive motion and "good cause" must be shown to seal records attached to a non-dispositive motion.  *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-80 (9th Cir. 2006), or any applicable subsequent legal standard.

16.    <u>Use of Confidential Information in Court Proceedings.</u> In the event that any information designated as "CONFIDENTIAL" is used in any court proceeding in this action or any appeal therefrom, such information shall not lose its status as "CONFIDENTIAL" through such use. Counsel for the parties shall confer on such procedures as are necessary to protect the confidentiality of any information used in the course of any court proceedings, and shall incorporate such procedures in a document to be filed with the court, as is appropriate.

17.    <u>Counsel Bound by Protective Order.</u>  All counsel for the parties, including but not limited to employees of counsel's law firms, who have access to information designated as "CONFIDENTIAL" shall be bound by this Order and submit to the jurisdiction of this Court for purposes of enforcing this Order.

STIPULATED PROTECTIVE ORDER - 14
10239-0284  Stipulated Protective Order.docx
 Case No.  1:20-cv-03046-TOR

**PREG O'DONNELL & GILLETT** PLLC
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON  98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

18.    <u>No Prejudice.</u>  Entering into, agreeing to, and/or producing or receiving information designated as "CONFIDENTIAL" or otherwise complying with the terms of this Protective Order shall not:

a.    Prejudice in any way the rights of a party to seek a determination by the Court whether any information should be subject to the terms of this Protective Order;

b.    Prejudice in any way the rights of a party to petition the Court for a further protective order relating to any purportedly "CONFIDENTIAL" information;

c.    Prevent the parties to this Protective Order from agreeing in writing or on the record during a deposition or hearing in this action to alter or waive the provisions or protections provided for herein with respect to any particular information.

19.    <u>Inadvertent Production of Confidential Information.</u>  If a party inadvertently produces "CONFIDENTIAL" information without marking or orally designating it as such on the record, it may be disclosed to others until the receiving party becomes aware of the error. As soon as the receiving party becomes aware of the inadvertent production, the information must be treated as if it had been timely

STIPULATED PROTECTIVE ORDER - 15
10239-0284  Stipulated Protective Order.docx
Case No.  1:20-cv-03046-TOR

**PREG O'DONNELL & GILLETT** PLLC
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON  98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

designated under this Protective Order, and the receiving party must endeavor in good faith to obtain all copies, notes and synopses of the document which it distributed or disclosed to persons not authorized to access such information by Paragraphs 8 and 9 above, as well as any copies, notes and synopses made by such persons.

20.   Modification.  This Protective Order may be modified and any matter related to it may be resolved by written agreement of the parties, or upon motion and entry of an Order of the Court.

21.   Sanctions.  The parties agree to be bound by the terms of this Protective Order pending its entry by the Court, or pending the entry of an alternative thereto which is satisfactory to all parties, and any violation of its terms shall be subject to sanctions as the Court deems appropriate. Any party seeking any enforcement of this Protective Order in any jurisdiction or tribunal by injunction, temporary restraining order, or otherwise, shall not be required to post a bond.

22.   Final Disposition.  The provisions of this Protective Order shall, absent written permission of the producing party or further order of the Court, continue to be binding throughout and after the conclusion of this action, including without limitation any appeals therefrom.  Within sixty (60) calendar days after receiving

STIPULATED PROTECTIVE ORDER - 16
10239-0284  Stipulated Protective Order.docx
Case No.  1:20-cv-03046-TOR

**PREG O'DONNELL & GILLETT** PLLC
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON  98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

notice of the entry of an order, judgment or decree finally disposing of this action, including any appeals therefrom, all persons having received information designated "CONFIDENTIAL" hereunder shall return such information to counsel for the producing party, or shall certify destruction thereof, including copies, and synopses and related notes incorporating such information to the extent reasonable and consistent with other language in this Protective Order. Counsel described in Paragraph 8(a) herein shall be entitled to retain court papers, deposition and trial transcripts, and attorney work product (including court papers, transcripts, and attorney work product that contain information designated as "CONFIDENTIAL") provided that such counsel, and employees of such counsel, shall not disclose any such information designated as "CONFIDENTIAL" contained in such court papers, transcripts, or attorney work product to any person or entity except pursuant to court order or a written agreement with the producing party of the information.  All "CONFIDENTIAL" information returned to the parties or their counsel by the Court likewise shall be returned or otherwise disposed of in accordance with this Paragraph.  This Protective Order shall be construed consistent with LR 79.1.

23.  <u>Subpoena of Confidential Information in Another Action.</u>  If any party (a) is subpoenaed in another action or proceeding, (b) is served with a demand in

STIPULATED PROTECTIVE ORDER - 17
10239-0284  Stipulated Protective Order.docx
Case No.  1:20-cv-03046-TOR

**PREG O'DONNELL & GILLETT** PLLC
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON  98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

another action or proceeding to which it is a party, or (c) is served with any other legal process by one not a party to this action, seeking information which was designated as "CONFIDENTIAL" by someone other than that party, the party shall give written notice within seven (7) calendar days of receipt of such subpoena, demand, or legal process, to those who designated the information "CONFIDENTIAL," and shall refuse to produce the information designated as "CONFIDENTIAL." Should the person seeking access to the information take action against the party or anyone else covered by this Protective Order to enforce such a subpoena, demand or other legal process, the party shall respond by setting forth the existence of this Protective Order. Nothing herein shall be construed as requiring the party or anyone else covered by this Protective Order to challenge or appeal any order requiring production of information covered by this Protective Order, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

24.    <u>Non-Parties to This Action.</u> Any non-party producing documents, tangible things, or testimony in this action who may reasonably be expected to desire confidential treatment therefor may designate such documents, tangible things, or testimony confidential pursuant to this Protective Order.

STIPULATED PROTECTIVE ORDER - 18
10239-0284  Stipulated Protective Order.docx
Case No.  1:20-cv-03046-TOR

**PREG O'DONNELL & GILLETT** PLLC
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON  98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

DATED this 11th day of September, 2020.

PREG O'DONNELL & GILLETT PLLC

By  /s/ David S. Cottnair
    David S. Cottnair, WSBA #28206
Attorneys for Defendants Majestic Farm,
LLC, Nicholas Struikmans, and Janie
Struikmans
901 Fifth Avenue, Suite 3400
Seattle, Washington 98164
Phone: (206) 287-1775
Email:  Dcottnair@pregodonnell.com

OFW LAW

By  /s/ Gary H. Baise
   Gary H. Baise, (Admitted *Pro Hac Vice*)
Attorneys for Defendants Nicholas
Struikmans, and Janie Struikmans
2000 Pennsylvania Ave. N.W., Suite 3000
Washington, DC 20006
Phone: (202) 789-1212
E-mail:  gbaise@ofwlaw.com

STIPULATED PROTECTIVE ORDER - 19
10239-0284  Stipulated Protective Order.docx
Case No.  1:20-cv-03046-TOR

**PREG O'DONNELL & GILLETT** PLLC
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON  98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

LAW OFFICES OF ANDREA K. RODGERS

By  /s/ Andrea K. Rodgers
    Andrea K. Rodgers, WSBA #38683
Attorneys for Plaintiffs
3026 NW Esplanade
Seattle, WA 98117
Phone: (206) 696-2851
Email: andrearodgers42@gmail.com

LAW OFFICES OF CHARLES M. TEBBUTT P.C.

By  /s/ Charles M. Tebbutt
    Charles M. Tebbutt, WSBA #47255
Attorneys for Plaintiffs
941 Lawrence Street
Eugene, OR 97401
Phone: (541) 344-3505
Email: charlie@tebbuttlaw.com

LAW OFFICES OF CHARLES M. TEBBUTT P.C.

By  /s/ Daniel C. Snyder
    Daniel C. Snyder, Pro Hac Vice
Attorneys for Plaintiffs
941 Lawrence Street
Eugene, OR 97401
Phone: (541) 344-3505
Email: dan@tebbuttlaw.com

STIPULATED PROTECTIVE ORDER - 20
10239-0284  Stipulated Protective Order.docx
Case No.  1:20-cv-03046-TOR

**PREG O'DONNELL & GILLETT** PLLC
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON  98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

TERRELL MARSHALL LAW GROUP PLLC

By /s/ Toby J. Marshall
     Toby J. Marshall, WSBA #32726
Attorneys for Plaintiffs
936 North 34th Street, Suite 300
Seattle, WA 98103
Phone: (206) 816-6603
Email: tmarshall@terrellmarshall.com


HALVERSON NORTHWEST LAW GROUP P.C.

By /s/ J. Jay Carroll
     J. Jay Carroll, WSBA #17424
Attorneys for Defendants Majestic Farm, LLC, Nicholas Struikmans, and Janie Struikmans
405 East Lincoln Ave.
Yakima, WA 98907
Phone: (509) 248-6030
Email: jcarroll@halversonnw.com


    **IT IS SO ORDERED.** The District Court Clerk is directed to enter this Order and provide copies to counsel.

    **DATED September 15, 2020**

**Honorable Thomas O. Rice**
**United States District Judge**

STIPULATED PROTECTIVE ORDER - 21
10239-0284  Stipulated Protective Order.docx
Case No.  1:20-cv-03046-TOR

**PREG O'DONNELL & GILLETT** PLLC
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON  98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113